IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| NICHOLAS DALE PEARSON | Civ. No. 6:20-cv-01346-AA |
|            Plaintiff, | **OPINION & ORDER** |
|    v. | |
| UNITED STATES OF AMERICA, | |
|            Defendant. | |

_____

AIKEN, District Judge.

Plaintiff Nicholas Dale Pearson has filed this *pro se* complaint which seemingly alleges a claim under the False Claims Act against the United States Government. Plaintiff has filed an Application to Proceed *in forma pauperis* ("IFP") in this matter. Doc. 2.  Plaintiff has also filed a motion for appointment of pro bono counsel.  Doc. 3. Because he has no appreciable income or assets, the application to proceed IFP is granted.  However, the reasons set forth below, the complaint is dismissed.  Plaintiff's motion appointment of counsel is also DENIED.

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee.  28 U.S.C. § 1914(a).  However, the federal IFP

statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

In regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted

unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

Plaintiff appears to currently be committed at the Oregon State Hospital in Junction City, Oregon. In his complaint, plaintiff alleges jurisdiction both through federal question and diversity of citizenship. Plaintiff demands ten quintrillion dollars in damages.

Plaintiff's complaint must be dismissed for several reasons. First, under Federal Rule of Civil Procedure 8, plaintiff fails to adequately set forth his claim(s). "The Federal Rules of Civil Procedure describe 'a liberal system of notice pleading.'" *Walsh v. Nev. Dep't of Human Resources*, 471 F.3d 1033, 1036 (9th Cir. 2006) (quoting *Leatherman v. Tarrant Cty. NarcoticsIntelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)). This notice pleading system "requires a complaint to contain only (1) a statement of jurisdiction, (2) 'a short and plain statement of the claim showing that

the pleader is entitled to relief,' and (3) 'a demand for judgment for the relief the pleader seeks.'" *Id.* (quoting Rule 8(a)).

'[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (citation, brackets, and internal quotation marks omitted).

The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal quotation marks and citation omitted). Additionally, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. The complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct[.]" *Id.*

Specifically, plaintiff alleges that defendant has violated the False Claims Act. 31 U.S.C. §§ 3729 – 3733. His underlying factual allegation is that the "USA CLAIMS TO BE CHRISTIAN NATION AND SACRIFICES TO FALSE GOD MOLECH." Compl. at 7. In addition to the fanciful damages he requests, plaintiff also asks the Court to make him "king of your nation." *Id.* at 4.

The False Claims Act creates liability for any person who knowingly submits a false claim to the government, causes another to submit a false claim to the government, or knowingly makes a false record or statement to get a false claim compensated by the government. §§ 3729(a)(1)(A) and (B). Plaintiff allegations seem to relate more perceived false statements, though the Court is at a loss to understand the specific content of those statements and any context around their issuance, if they ever were made. More importantly, it appears that the government as a defendant could not violate the Act. Thus, plaintiff has failed to adequately allege a claim under the False Claims Act. Finally, the Court notes that relief requested is far beyond anything it could award.

For these reasons, the Court holds that the complaint fails to state a claim on which relief may be granted and is frivolous. *See* 28 U.S.C. § 1915(e)(2). Further, the Court denies plaintiff leave to amend. A *pro se* litigant must be given leave to amend his or her complaint unless it appears the deficiency cannot be cured by amendment. *James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000). Here the Court finds that amendment would futile given the nature of the claims alleged in the filings.

Finally, the Court denies the motion for appointment of counsel. Doc. 3. There is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to § 1915(e), this Court has discretion to request volunteer counsel for indigent parties in exceptional circumstances. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990); *Wilborn v.*

*Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Here, it would be inappropriate to appoint counsel when the Court is dismissing this matter.

## CONCLUSION

For the reasons set forth above, plaintiff's Application to Proceed IFP (doc. 2) is GRANTED. Plaintiff's motion for appointment of Pro Bono Counsel (Doc. 3) is DENIED. Plaintiff's Complaint (Doc. 1) is DISMISSED WITH PREJUDICE as frivolous and for failure to state a claim upon which relief may be granted. The Court finds that further amendment would be futile. Accordingly, this action is dismissed.

IT IS SO ORDERED.

DATED this  10th  day of February, 2021.


 /s/Ann Aiken
ANN AIKEN
United States District Judge